## CARRELL v. LAIRD.

No. 11036.

Court of Civil Appeals of Texas. Dallas.

Sept. 17, 1932.

Rehearing Denied Oct. 15, 1932.

J. E. Newberry and J. J. Fagan, both of Dallas, for appellant.

E. G. Senter, of Dallas, for appellee.

JONES, C. J.

In a suit in a district court of Dallas county, appellee A. S. Laird, for himself and as assignee of the claims of others, recovered judgment against appellant J. T. Carrell and others, who made no answer to the suit in the lower court, and have not complained of the judgment in this court, for the breach of two rental contracts. The verdict was the result of peremptory instruction by the court. The verdict and judgment based thereon is for the sum of $1,408.80, with interest at the rate of 6 per cent. per annum from January 1, 1928. The appeal is duly perfected to this court.

The lease contracts for the rent of a building on Jackson street, used as a garage, were made between the owners and Jess Hassell, who was a defendant in the case below, and was for the space of three years, running from May 15, 1925 to May 15, 1928. On May 27, 1926, Jess Hassell assigned this lease, under a provision of the contract in reference to assignment, to appellant, who assumed the outstanding obligations in the lease contracts. After operating the garage for some seven months appellant assigned the lease to R. L. Smith, also a defendant in the court below, who made a like assumption of the lease contracts. The breach of the contracts for the nonpayment of rentals occurred under Smith. In the assignment of the lease from Hassell to appellant, it is specifically stated in the written agreement by the owners to such assignment that Hassell would not be released from his liability under the contracts, and it was also stated in the same manner in the assignment by appellant to Smith that Hassell and appellant would not be released from their obligation.

The amount of rent due under these contracts is not in dispute, and the only defense that raises a question about appellant's right to have any issue submitted to the jury is on appellant's allegation that, unknown to him, Hassell, during his possession of the property, had turned the premises into a bootlegging joint for the illicit sale of intoxicating liquor, and that this was known to the owners of the building when they executed the leases in question. There is ample evidence in the record that bootlegging was carried on at the garage during the incumbency of Hassell, but there is not any evidence raising the issue that this fact was known to the owners of the building. In fact, the evidence conclusively shows that it was not so known.

We are therefore of the conclusion that the court did not err in giving the peremptory instruction. Because of the evidence in reference to the illicit sale of intoxicating liquors at this place during the time that Hassell operated the garage, though we hold appellant is mistaken in its potency, we are of the opinion that this court would not be authorized to assess the 10 per cent. damages insisted upon by appellee, and we overrule this contention.

The judgment of the lower court is affirmed.

Affirmed.